Christopher A. Gelpi (SBN 288443)
   E-Mail: cgelpi@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
WAYFAIR LLC (erroneously named as "WAYFAIR, LLC")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LUIS ALFREDO ALVARDO, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>WAYFAIR, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>            Defendants. | CASE NO.: 5:24-cv-02435-SSS-SHK<br><br>*[Assigned to the Honorable Sunshine Suzanne Sykes]*<br><br>**DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: October 4, 2024<br>Trial Date: Not Yet Set |

ANSWER TO COMPLAINT
FP 53002923.1

Defendant, WAYFAIR LLC (erroneously named as "WAYFAIR, LLC") ("Defendant") responds to Plaintiff LUIS ALFREDO ALVARDO's ("Plaintiff") complaint as follows:

## I. INTRODUCTION

1. In answering Paragraph 1 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it relates to Defendant.

2. In answering Paragraph 2 of the Complaint, Defendant denies each and every allegation as it relates to Defendant.

3. In answering Paragraph 3 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it relates to Defendant and specifically denies that Defendant engaged in any of the unlawful conduct alleged by Plaintiff.

## II. THE PARTIES, JURISDICTION AND VENUE

4. In answering Paragraph 4 of the Complaint, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation contained therein.

5. Defendant admits Paragraph 5 of the Complaint.

6. In answering Paragraph 6 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it relates to Defendant.

7. In answering Paragraph 7 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it

relates to Defendant.

8. In answering Paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein.

9. In answering Paragraph 9 of the Complaint, Defendant admits that it employed Plaintiff in Riverside County, California. Defendant denies all of the remaining allegations therein.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

10. Defendant admits Paragraph 10 of the Complaint.

11. In answering Paragraph 11 of the Complaint, Defendant admits that Plaintiff was compensated $21.70 per hour in base pay. Defendant denies all of the remaining allegations therein.

12. In answering Paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein.

13. In answering Paragraph 13 of the Complaint, Defendant denies each and every allegation contained therein.

14. In answering Paragraph 14 of the Complaint, Defendant denies each and every allegation contained therein.

15. In answering Paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

16. In answering Paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. In answering Paragraph 17 of the Complaint, Defendant denies each and every allegation contained therein.

18. In answering Paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. In answering Paragraph 19 of the Complaint, Defendant admits that it terminated Plaintiff's employment. Defendant denies all of the remaining allegations therein.

20. In answering Paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

21. In answering Paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

22. In answering Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

23. In answering Paragraph 23 of the Complaint, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## IV. FIRST CAUSE OF ACTION

24. In answering Paragraph 24 of the Complaint, Defendant incorporates, as if fully set forth again herein, its response to paragraphs 1–23.

25. In answering Paragraph 25 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it relates to Defendant.

26. In answering Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27. In answering Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28. In answering Paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

29. In answering Paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

30. In answering Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31. In answering Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32. In answering Paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

V. **SECOND CAUSE OF ACTION**

33. In answering Paragraph 33 of the Complaint, Defendant incorporates, as if fully set forth again herein, its response to paragraphs 1–32.

34. In answering Paragraph 34 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it relates to Defendant.

35. In answering Paragraph 35 of the Complaint, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

36. In answering Paragraph 36 of the Complaint, Defendant denies each and every allegation contained therein.

37. In answering Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

38. In answering Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

39. In answering Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

40. In answering Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. In answering Paragraph 41 of the Complaint, Defendant denies each and every allegation contained therein.

42. In answering Paragraph 42 of the Complaint, Defendant denies each and every allegation contained therein.

///
///

## VI. THIRD CAUSE OF ACTION

43. In answering Paragraph 43 of the Complaint, Defendant incorporates, as if fully set forth again herein, its response to paragraphs 1–42.

44. In answering Paragraph 44 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it relates to Defendant.

45. In answering Paragraph 45 of the Complaint, Defendant denies each and every allegation contained therein.

46. In answering Paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

47. In answering Paragraph 47 of the Complaint, Defendant denies each and every allegation contained therein.

48. In answering Paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

49. In answering Paragraph 49 of the Complaint, Defendant denies each and every allegation contained therein.

## VII. FOURTH CAUSE OF ACTION

50. In answering Paragraph 50 of the Complaint, Defendant incorporates, as if fully set forth again herein, its response to paragraphs 1–49.

51. In answering Paragraph 51 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it relates to Defendant.

52. In answering Paragraph 52 of the Complaint, Defendant denies each and every allegation contained therein.

53. In answering Paragraph 53 of the Complaint, Defendant denies each and every allegation contained therein.

54. In answering Paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

55. In answering Paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56. In answering Paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

## VIII.  FIFTH CAUSE OF ACTION

57. In answering Paragraph 57 of the Complaint, Defendant incorporates, as if fully set forth again herein, its response to paragraphs 1–56.

58. In answering Paragraph 58 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it relates to Defendant.

59. In answering Paragraph 59 of the Complaint, Defendant denies each and every allegation contained therein.

60. In answering Paragraph 60 of the Complaint, Defendant denies each and every allegation contained therein.

61. In answering Paragraph 61 of the Complaint, Defendant denies each and every allegation contained therein.

62. In answering Paragraph 62 of the Complaint, Defendant denies each and every allegation contained therein.

## IX.  SIXTH CAUSE OF ACTION

63. In answering Paragraph 63 of the Complaint, Defendant incorporates, as if fully set forth again herein, its response to paragraphs 1–62.

64. In answering Paragraph 64 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it relates to Defendant.

65. In answering Paragraph 65 of the Complaint, Defendant denies each and every allegation contained therein.

66. In answering Paragraph 66 of the Complaint, Defendant denies each and every allegation contained therein.

67. In answering Paragraph 67 of the Complaint, Defendant denies each and every allegation contained therein.

68. In answering Paragraph 68 of the Complaint, Defendant denies each and every allegation contained therein.

69. In answering Paragraph 69 of the Complaint, Defendant denies each and every allegation contained therein.

## X. SEVENTH CAUSE OF ACTION

70. In answering Paragraph 70 of the Complaint, Defendant incorporates, as if fully set forth again herein, its response to paragraphs 1–69.

71. In answering Paragraph 71 of the Complaint, Defendant states that it consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation as it relates to Defendant.

72. In answering Paragraph 72 of the Complaint, Defendant denies each and every allegation contained therein.

73. In answering Paragraph 73 of the Complaint, Defendant denies each and every allegation contained therein.

74. In answering Paragraph 74 of the Complaint, Defendant denies each and every allegation contained therein.

75. In answering Paragraph 75 of the Complaint, Defendant denies each and every allegation contained therein.

76. In answering Paragraph 76 of the Complaint, Defendant denies each and every allegation contained therein.

///

## XI.     PRAYER FOR RELIEF

77.     The remainder of Plaintiff's civil complaint contains Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein as it relates to Defendant and specifically denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted above, Defendant denies each and every allegation contained in the civil complaint as it relates to Defendant.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following separate and additional affirmative defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

1.     This Court lacks subject matter jurisdiction because all disputes arising out of or related to Plaintiff's employment are subject to Plaintiff's agreement to submit such disputes to binding arbitration.  Defendant intends to file a motion to compel arbitration.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

3.     The legal process served upon Defendant was legally insufficient in that the summons and complaint fail to name and identify the correct corporate entity.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1 and 340, subdivision (a), and California

Government Code sections 12960 and 12965.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

### SIXTH AFFIRMATIVE DEFENSE

6. If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is estopped by his conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

### EIGHTH AFFIRMATIVE DEFENSE

8. By his conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

10. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred because Plaintiff's term of employment was terminable at will, with or without cause, pursuant to California Labor Code section 2922.

### TWELFTH AFFIRMATIVE DEFENSE

12. If it is found that Plaintiff had a contractual right not to be terminated

except for good cause and that Plaintiff was terminated from employment, Plaintiff was terminated with good cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The alleged acts of which Plaintiff complains were based on reasonable factors other than race, color, national origin, ancestry, sex, religion, creed, gender, marital status, age, sexual orientation, or any other prohibited factor, including Plaintiff's alleged opposition to harassment.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Even if there was discrimination against Plaintiff (which Defendant denies), Plaintiff would have been terminated anyway.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred because his perception of conduct alleged to constitute harassment was not reasonable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred because alleged incidents of harassment were not sufficiently severe or pervasive so as to alter the terms and conditions of Plaintiff's employment and create an abusive work environment.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff welcomed any conduct alleged to be harassing.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing behavior.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Plaintiff's reasonable use of Defendant's procedures to prevent and/or correct the allegedly harassing behavior would have prevented all or some of the alleged harm he claims to have suffered.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Plaintiff's claims are barred because the actions complained of were protected by the free speech provisions of the First Amendment to the United States Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Any recovery on Plaintiff's complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**WHEREFORE**, this answering Defendant prays as follows:

1. That Plaintiff take nothing by his complaint for damages;

2. That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

3. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4. That the Court award such other and further relief as it deems appropriate.

DATE: November 21, 2024          FISHER & PHILLIPS LLP

By: */s/ Christopher A. Gelpi*
Christopher A. Gelpi
Attorneys for Defendant
WAYFAIR, LLC

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On November 21, 2024 I served the foregoing document entitled **DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Joshua I. White<br>LAUREL EMPLOYMENT LAW<br>6309 Van Nuys Blvd., Suite 111<br>Van Nuys, CA 91401 | *Attorney for Plaintiff, LUIS ALFREDO ALVARDO*<br><br>Tel: (310) 929-6371<br>Email: josh@laurelemploymentlaw.com |

☐ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed November 21, 2024, at Los Angeles, California.

Amy Stark
Print Name

By: */s/ Amy Stark*
Signature